UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

1.

2. FEDERAL COURTS HAVE AN INDEPENDENT RESPONSIBILITY TO INTERPRET FEDERAL LAW WILLIAM V. TAYLOR 2000 529 U.S 362 [120 S.Ct. 1495, 146 L.Ed. 2d 389]. However, FEDERAL COURT will GIVE GREAT DEFERENCE TO STATE COURT DECISIONS AND MAY NOT GRANT A PETITION FOR WRIT OF HABEAS CORPUS on a CLAIM THAT HAS BEEN ADJUDICATED IN STATE COURT, UNLESS THE STATE COURT CASE: RESULTED IN A DECISION THAT WAS CONTRARY TO, OR INVOKED AN UNREASONABLE Application of like Did in PETITIONER CASE. CLEARLY ESTABLISHED FEDERAL LAW, AS Determined BY THE SUPREME COURT OF THE UNITED STATES; OR RESULTED IN A Decision THAT WAS BASED ON AN UNREASONABLE Application OF THE FACTS IN Light OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING. 28 U.S.C § 2254. BAKER V. CITY OF BLAIN (9th Cir. 2000) 205 F.3d 1138; MOORE V. Calderon (9th Cir. 1997) 108 F.3d 261. PETITION SHOWS "ACTUAL PREJUDICE."

CHAPMAN V. CALIFORNIA, 386 U.S at 24 MADE CLEAR THAT, "BEFORE A FEDERAL CONSTITUTIONAL ERROR CAN BE HELD ~~harmes~~ Harmful, THE COURT MUST BE ABLE TO DECLARE A BELIEF THAT IT WAS HARMFUL BEYOND A REASONABLE DOUBT. THE COURT HAS THE POWER TO REVIEW THE RECORD DE-NOVO IN ORDER TO DETERMINE AN ERROR HARMLESSNESS. SEE Ibid; SHATTLEWHITE V. TEXAS, 499 U.S. 279, 296 486 U.S., AT 258. IN So doing, IT MUST Be DETERMINED WHETHER THE STATE HAS MET ITS BURDEN OF Demonstrating THAT Admission OF THE confession Monica Woods DID NOT CONTRIBUTE TO BEALS CONVICTION. SEE EXHIBIT pg 1147-1148 support AND proves it DID SAME CASE AS ARIZONA V. Fulminate, 499 U.S. 279 (1991): Review is warranted LINDH V. MURPHY 521 U.S. 320, 327 (1997) THEREFORE, PETITIONER'S CASE IS GOVERNED BY 28 U.S.C § 2254, AS REVISED BY THE ANTITERRISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 (AEDPA) Applies Here. Error contributed to conviction without error Jury Decision would've Been Different.
~~Antiterrism~~ petition proves Error CONTRIBUTED TO VERDICT being change From NOT Guilty to Guilty AND ATTORNEY FOR petitioner committed Error.
SEE CONT pg Support why petition Should be heard.

3/25/08

Petition should be heard because conviction was unlawful, the defects so affected the trial and conviction "As to violate the fundamental aspects of fairness and result in a miscarriage of Justice."

The court today substantially resolves these disputes. The majority holds that the constitution is violated when defense counsel's representation falls below the level expected of reasonably competent defense counsel, at 2064-2067, and so affect the trial that there is "reasonable probability" that, absent counsel's error the outcome would have been different, ante, at 2067-2069 Strickland V. Washington. Petitioner proves ineffective effective assistance is the case in his claims 1-5 and without errors petitioner Attorney made the outcome would've been different and verdict petitioner in this case also proves counsel error change the verdict from not guilty to guilty. Sufficient impact on a trial to undermine confidence in the outcome is grounds for overturning a conviction, Ante a 2068. [5 claims 5 errors]

One type of actual ineffectiveness claim warrants a similar, though more limited, presumption of prejudice. In Cuyler V. Sullivan 446 U.S, at 345-350, 100 S.ct, at 1716-1719, the court held that prejudice is presumed when counsel is burdened by an actual conflict of the interest like in petitioner case. In these circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. Given the obligation of counsel to avoid conflicts of interest and the ability of trial courts to make early inquires in certain situations likely to give rise to conflicts, See e.g, Fed Rule crim proc. 44(c), it is reasonable for the criminal justice system to maintain fairly rigid rule of presumed prejudice for conflicts of interest. Even so, the rule is not quite the per se rule of prejudice that exists for the sixth Amendment claims mention above. Prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his law performance which it did in petitioner case and claims prove. Cuyler V. Sullivan, supra 446 U.S, at 350, 348, 100 S.ct, at 1719,-1719. Burden is met in petition

I Declare under penalty of perjury that the foregoing is true and correct and that this Declaration was Executed on
Date: 7/3/07 AND 3/25/08

Petitioner Appealed his conviction To The Court of Appeal for the State of California, Second Appellant District, Arguing that comments To BEAL and The Jury were coercive and denied him his due process right to a fair and impartial Jury. California LAW, unlike Federal law, prohibits the giving of a so-called Allen v. United States, 164 U.S. 492 (1896) charge to a deadlocked charge that specifically urges minority jurors to give weight to the majority's views. People v. Gainer, 19 Cal. 3d 858, 852, 566 P. 2d 997, 1006 (1977) held that no instruction may be given which "either (1) encourages Jurors to consider the numerical division or preponderance of opinion on the Jury In forming or reexamining their views on the issues before them; or (2) States or implies that if the Jury Fails to agree the case will necessarily be retried. Petitioner claims shows exactly this And The Court Appeal ignored this Fact.

Due process is violated when a State fails to follow its own established criminal procedures and violates its own statues or constitution. Of course, Failure to Follow procedural rules will not result in a reversal on Habeas unless the violation actually impacted the criminal proceeding. WHICH DID IN PETITIONERS CASE. ALSO Violations of STATE evidentiary rules are usually not grounds for issuance of a Federal writ. A Federal petition For writ of Habeas corpus will be granted only where a state's violations of its own evidentiary rules resulted in a denial of Fundamental Fairness which keeps getting overlooked in petitioner claims. Fundamental Fairness may be denied either by a single grossly prejudicial evidentiary ruling or by numerous lesser evidentiary errors such as that the totality of circumstances constituted a deprivation of substantive due process.

SEE cont pg

A prisoner may also challenge a state court verdict on the ground that there was insufficient evidence to support the conviction. In reviewing such an argument, a Federal court must decide whether there was sufficient evidence for a rational trier of fact to find the petitioner guilt beyond a reasonable doubt of the elements of the criminal offense as defined by the state criminal codes.

Another example of a possible grounds for Habeas petition is a witness' recantation of prior statements or trial testimony. A three-prong test is used to determine whether a witness's recantation requires the court to grant a new trial; which im asking the Federal court to consider in my case now same should apply to me. (1) Is the court reasonably well satisfied that the testimony given by a material witness was false?, (2) might the jury have reached a different verdict without that testimony? and (3) was the party seeking a new trial taken by surprise when the false testimony was given and unable to confront it or did that party not know the testimony was false until after the trial.

Generally, a Federal petitioner must be able to show "Actual prejudice"; in other words, the court must be able to find that the error had substantial and injurious effect or influence in determining the jury's verdict which petitioner proves in petition. The burden of proof is on the state to show that an error did not substantially influence the decision, and doubt should be resolved in favor of the petitioner. However, in some circumstances for example, where a jury instruction might have allowed the jury to convict on evidence amounting to less than proof beyond a reasonable doubt — the conviction will automatically be reversed without any need to show actual prejudice. Petition fits this criteria After reviewing petition Federal court will agree with petitioner. U.S. Supreme court Factual Finding was incorrect.